IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON STASKO, | : | |
| | : | 1:12-cv-1155 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| LEBANON COUNTY | : | |
| CORRECTIONAL FACILITY, *et al.*,: | | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## March 21, 2013

Before the Court is the Report and Recommendation ("R&R") (Doc. 13) of Chief Magistrate Judge Martin C. Carlson, recommending that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Objections to the R&R were due by March 18, 2013 and to date, none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety and close this case.

**I.    STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.   DISCUSSION

On June 18, 2012, *pro se* Plaintiff Jason Stasko ("Plaintiff" or "Stasko"), a prisoner in the Lebanon County Jail, filed a facially inadequate civil complaint with this Court. (Doc. 1). This pleading simply recited that Stasko had been punched in the eye by a fellow inmate, and then had been transported by the Defendants to receive medical care. On the basis of this terse factual recital, Stasko sued the prison, the warden, and a prison captain, demanding both damages and injunctive relief.

On October 30, 2012, the assigned magistrate judge, Judge Mannion, entered an order advising Stasko that his complaint was legally insufficient and directing him to file an amended complaint by November 30, 2012. (Doc. 9). Stasko failed to do so, and thereafter Judge Mannion issued a R&R recommending that the action be dismissed. (Doc. 10). While the objection period for that R&R was pending, Stasko filed a letter with the Court inquiring as to the status of his case. (Doc. 11). On the basis of that communication, we elected to reject the recommendation of dismissal and afforded Stasko one final opportunity to file an amended complaint with this Court. (Doc. 12). Stasko has completely failed to follow the Court's directive and has made no further filings in this matter. Accordingly, on March 1, 2013, Magistrate Judge Carlson issued the instant R&R recommending dismissal of this action based on Stasko's failure to prosecute. For the reasons set forth below, we find it entirely appropriate to adopt the Magistrate Judge's recommendations.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the

Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn,* 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital,* 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007). Magistrate Judge Carlson undertook a detailed analysis of the *Poulis* factors as

4

they relate to this matter and determined that dismissal is an appropriate sanction here. We agree. Plaintiff has failed to obey court orders, and has otherwise ignored his responsibility of a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court. Thus, this matter shall be dismissed.

As we have already mentioned, the Plaintiff has failed to file objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.